NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN TOSTE; GERALD TOSTE,<br><br>             Plaintiffs-Appellants,<br><br>v.<br><br>EL DORADO COUNTY; et al.,<br><br>             Defendants-Appellees. | No. 14-17025<br><br>D.C. No. 2:14-cv-00814-MCE-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Robin Toste and Gerald Toste appeal pro se from the district court's

judgment dismissing their 42 U.S.C. §§ 1983 and 1985 action alleging

constitutional violations in connection with their state court real property

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, the Tostes' request for oral argument, set forth in their opening brief, is denied.

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed the Tostes' action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because their claims constituted a forbidden "de facto appeal" of a prior state court judgment. *See id.* at 1163-65 (discussing proper application of *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

The district court did not abuse its discretion by dismissing the Tostes' action without leave to amend because the Tostes could not correct the jurisdictional defects in their complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile).

The district court did not abuse its discretion by denying the Tostes' motion

to reconsider because the Tostes failed to establish any basis for reconsideration.

*See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63

(9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**